UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62172-BLOOM

MAURICE EXAVIER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER GRANTING IFP STATUS ON APPEAL

**THIS CAUSE** is before the Court upon Petitioner's Motion for Permission to Appeal *In Forma Pauperis* and Affidavit, ECF No. [25] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Federal Rule of Appellate Procedure 24 provides that

a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Title 28 U.S.C. § 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]  An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and

---

[1] Pursuant to *Boomer v. Cty. of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions in the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732 (Feb.1, 2021). Further, the § 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

Upon review, the Court concludes that the Motion complies with Rule 24 of the Federal Rules of Appellate Procedure. To the extent that Petitioner is seeking a certificate of appealability from the Eleventh Circuit, he may proceed *in forma pauperis* on appeal. First, in accordance with Fed. R. App. P. 24(a)(1)(A), Plaintiff states his inability to pay or to give security for fees and costs in the detail prescribed by Form 4 of the Appendix of Forms. ECF No. [25] at 1-5. Petitioner is currently incarcerated, and he swears in his Motion that he is unemployed and his total income is $150 per month. *Id.* at 2, 5. Petitioner has also attached a copy of the required inmate account statement for the past six months reflecting a current account balance of $41.70. *Id.* at 7. Upon review of the HHS poverty guidelines and after examining Petitioner's financial situation, the Court determines that he is unable to pay the required filing fee and thus qualifies for indigent status under § 1915.

Second, in accordance with Fed. R. App. P (24)(a)(1)(B), Petitioner signed the Affidavit

Case No. 20-cv-62172-BLOOM

in Support of Motion attesting to his belief that he is entitled to redress. *Id.* at 1. Lastly, Petitioner

states that he is requesting a certificate of appealability from the Eleventh Circuit in order to appeal

the denial of his § 2255 Motion to Vacate, ECF No. [17]. Petitioner lists three issues for appeal:

(1) whether "counsel was ineffective during both the trial and appeal phases of the proceedings";

(2) "whether there is a Clisby error for the lower court failing to address certain claims"; and (3)

whether Petitioner is "actually (factually) innocent" of his convictions for Counts 18-24. *Id.*

Petitioner also states he should have been granted an evidentiary hearing. *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Permission

to Appeal *In Forma Pauperis* and Affidavit, **ECF No. [25]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 29, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Maurice Exavier
#12300-104
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE

3